UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OL USA LLC, | No. 2:21-cv-1541 WBS DB |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| TTS INTERNATIONAL LLC, an Idaho Limited Liability Company, and BRYAN TREADWELL, an individual, | |
| Defendants. | |

This matter came before the undersigned on December 3, 2021, pursuant to Local Rule 302(c)(19), for hearing of plaintiff's motion for default judgment. (ECF No. 16.) Attorney Reed Lyon appeared via Zoom on behalf of the plaintiff. No appearance was made by, on behalf of, either defendant. At that time, oral argument was heard and the motion was taken under submission. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted as explained below.

**BACKGROUND**

Plaintiff OL USA LLC, ("OL USA"), commenced this action through counsel on August 26, 2021, by filing a complaint and paying the required filing fee. (ECF No. 1.) The complaint alleges generally that plaintiff is a limited liability company organized in Delaware with a

principal place of business in New York.  (Compl. (ECF No. 1) at 2-3.¹)  Plaintiff "provides transportation and logistics solutions to importers, exporters, and freight forwarders under the mark TTS WORLDWIDE."  (Id. at 3.)

Defendant Bryan Treadwell worked for plaintiff from September 26, 2016, to July 16, 2019.  (Id.)  On October 30, 2020—after "the termination of Treadwell's employment relationship with plaintiff"—defendant Treadwell "started a competing business," forming defendant TTS INTERNATIONAL LLC, ("TTS INTERNATIONAL").²  (Id.)  Defendant TTS INTERNATIONAL markets "services similar to those found on Plaintiff's website" and on a website with a competing address [tts-worldwide.com vs. tts-int.com].  (Id.)  The complaint alleges causes of action for federal and state law unfair competition and trademark infringement.  (Id. at 5-8.)

On September 9, 2021, plaintiff filed proof of service on defendant Treadwell.  (ECF No. 8.)  On October 8, 2021, plaintiff filed proof of service on defendant TTS INTERNATIONAL.  (ECF No. 12.)  Plaintiff filed requests for entry of defendants' defaults and on October 14, 2021, the Clerk entered defendants' defaults.  (ECF Nos. 10, 13, & 14.)

On October 28, 2021, plaintiff filed the pending motion for default judgment.  (ECF No. 16.)  On November 2, 2021, plaintiff noticed the motion for hearing before the undersigned on December 3, 2021.  (ECF No. 18.)  The matter came before the undersigned on December 3, 2021, pursuant to Local Rule 302(c)(19) for hearing of plaintiff's motion for default judgment.  (ECF No. 19.)  Attorney Reed Lyon appeared via Zoom on behalf of the plaintiff.  Despite being served with notice of plaintiff's motion there was no appearance by, or on behalf of, either defendant.  (ECF No. 18-1.)  Oral argument was heard and plaintiff's motion taken under submission.

---

¹ Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

² The complaint alleges that the principal place of business for defendant TTS INTERNATIONAL is Roseville, California.  (Compl. (ECF No. 1) at 2.)  An entity's principal place of business is a "paradigm bases for general jurisdiction."  Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) (alteration and quotation omitted).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

**ANALYSIS**

**A.     Appropriateness of the Entry of Default Judgment under the Eitel Factors**

Plaintiff's motion for default judgement seeks judgement on the complaint's federal and state law claims of unfair competition and infringement. (Pl.'s MDJ (ECF No. 16) at 2.) The

////

factual allegations of plaintiff's complaint are taken as true pursuant to the entry of default against the defendants.

### 1. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether plaintiff would suffer prejudice if default judgment is not entered. When a defendant has failed to appear and defend the claims, a plaintiff will be without recourse and suffer prejudice unless default judgment is entered. Vogel v. Rite Aid Corp., 992 F.Supp.2d 998, 1007 (C.D. Cal. 2014) (granting a default judgement for a disabled plaintiff suing under the ADA and Unruh Act, relying upon this rationale). Here, the defendants were served with notice of this action but have refused to defend against plaintiff's claims. Absent entry of default judgement plaintiff would likely be without recourse against the defendants. Because plaintiff will suffer prejudice if left without recourse, this factor favors an entry of default judgment.

### 2. Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The second and third factors are (1) the merits of plaintiff's substantive claim, and (2) the sufficiency of the complaint. Eitel, 782 F.2d at 1471-72. Thus, the second and third Eitel factors require plaintiff to state a claim on which plaintiff can recover. PepsiCo, Inc. v. California Security Cans, 238 F.Supp.2d, 1172, 1175 (2002); see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). Given the close relationship between the two inquiries, factors two and three are considered together. As noted above, plaintiff seeks default judgment on the complaint's federal and state law claims of unfair competition.

To prove a claim of unfair competition a plaintiff "must show that: (1) it has a valid, protectable trademark, and (2) that [defendant's] use of the mark is likely to cause confusion." Applied Information Sciences Corp. v. eBAY, Inc., 511 F.3d 966, 969 (9th Cir. 2007). In this regard, "[t]he 'ultimate test' for unfair competition is exactly the same as for trademark infringement: 'whether the public is likely to be deceived or confused by the similarity of the marks.'" Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1178 (9th Cir. 1988) (quoting New West Corp. v. NYM Co. of California, 595 F.2d 1194, 1201 (9th Cir. 1979)).

1    Courts analyze claims of unfair competition under 15 U.S.C. § 1125 and unfair
2 competition under California law together because such claims are "'substantially congruent' to
3 claims made under the Lanham Act." Cleary v. News Corp., 30 F.3d 1255, 1262-63 (9th Cir.
4 1994) (quoting Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.,
5 944 F.2d 1446, 1457 (9th Cir. 1991)); see also Philip Morris USA Inc. v. Liu, 489 F.Supp.2d
6 1119, 1123 (C.D. Cal. 2007) ("Proof of trademark infringement under the Lanham Act
7 independently constitutes unfair competition under California law.").

8    Here, the complaint alleges plaintiff has used the mark TTS WORLDWIDE since 2012.
9 (Compl. (ECF No. 1) at 3.) Using that mark plaintiff has gained a large customer base throughout
10 the United States. (Id.) Plaintiff promotes its mark via its website tts-worldwide.com. (Id.)
11 With full knowledge of plaintiff's longstanding use of its mark defendants commenced a
12 competing business in 2020 under the name TTS INTERNATIONAL. (Id.) TTS
13 INTERNATIONAL operates a competing website tts-int.com. (Id.) "Plaintiff has received
14 inquiries from customers who have confused Defendants' services with Plaintiff's services." (Id.
15 at 4.)

16    In this regard, the complaint alleges that plaintiff was first to use the mark at issue. See
17 Sengoku Works Ltd. v. RMC Intern., Ltd., 96 F.3d 1217, 1219 (9th Cir. 1996) ("party claiming
18 ownership must have been the first to actually use the mark"). Moreover, taking the complaint's
19 allegations as true and in light of the almost identical nature of the competing businesses and
20 marks, the undersigned finds that the complaint has sufficiently established that the public is
21 likely to be deceived or confused by the similarity of the marks. See generally AMF Inc. v.
22 Sleekcraft Boats, 599 F.2d 341, 349 (9th Cir. 1979) (identifying eight factors including (1)
23 strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of
24 actual confusion; (5) marketing channels used; (6) type of goods and degree of care likely to be
25 exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of
26 expansion of the product lines).

27    For the reasons stated above, the undersigned finds that the complaint has stated claims
28 for infringement and unfair competition.

1          **3.**      **Factor Four: The Sum of Money at Stake in the Action**

2       Under the fourth factor cited in Eitel, "the court must consider the amount of money at

3  stake in relation to the seriousness of Defendant's conduct."  Eitel, 782 F.2d at 1471-72; see also

4  Philip Morris USA, Inc v. Castworld Prods., Inc., 219 F.R.D. 494, 500.  (C.D. Cal. 2003).  Here,

5  plaintiff "does not seek money damages or lost profits."  (Pl.'s MDJ (ECF No. 16) at 11.)

6  Accordingly, the undersigned does not find the overall sum of money at stake to be so large or

7  excessive as to militate against the entry of default judgment.

8          **4.**      **Factor Five: The Possibility of a Dispute Concerning Material Facts**

9       This Eitel factor considers the possibility that material facts are disputed.  "Upon entry of

10 default, all well-pleaded facts in the complaint are taken as true, except those relating to

11 damages."  PepsiCo, Inc., 238 F.Supp.2d at 1177.  Here, there appears to be no material facts in

12 dispute.  This factor weighs in favor of a default judgment.

13         **5.**      **Factor Six: Whether the Default Was Due to Excusable Neglect**

14      This Eitel factor considers the possibility that the defendants' default was the result of

15 excusable neglect.  Here, defendants were repeatedly served with notice of this action.  (ECF Nos.

16 8, 11, 12, 18-1.)  Defendants, however, have taken no action to respond to plaintiff's complaint or

17 motion for default judgment.  Accordingly, the record suggests that the defendants have chosen

18 not to defend this action, and that the default did not result from excusable neglect.  Accordingly,

19 this Eitel factor favors the entry of default judgment.

20         **6.**      **Factor Seven: The Strong Policy Underlying the Federal Rules of Civil**

21               **Procedure Favoring Decisions on the Merits**

22      The final Eitel factor examines whether the strong policy favoring deciding cases on the

23 merits prevents a court from entering default judgment.  Eitel, 782 F.2d at 1472.  Generally,

24 default judgments are disfavored, and a case should be decided on the merits whenever possible.

25 See Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985).  However, where a

26 defendant's failure to appear "makes a decision on the merits impracticable, if not impossible,"

27 entry of default judgment is warranted.  PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist,

28 Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. 2010).  Because the defendants

have failed to respond in this matter, a decision on the merits is impossible. Therefore, the seventh Eitel factor does not preclude the entry of default judgment.

### 7. Summary of Eitel Factors

In sum, upon consideration of all the Eitel factors the undersigned finds that plaintiff is entitled to a default judgment against the defendants and recommends that such a default judgment be entered. The undersigned therefore turns to plaintiff's requested relief.

### B. Terms of the Judgment to Be Entered

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. See Landstar Ranger, Inc. v. Path Enterprises, Inc., 725 F.Supp.2d 916, 920 (C.D. Cal. 2010.). As noted above, plaintiff's motion does not seek damages but instead seeks only injunctive relief. (Pl.'s MDJ (ECF No. 16) at 13.) Specifically, plaintiff seeks an order prohibiting defendants from "offering products or services under the designation TTS INTERNATIONAL," and ordering defendants to transfer the "domain name" tts-int.com to plaintiff. (Pl.'s MDJ (ECF No. 16-2) at 2.)

"Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1180 (9th Cir. 1988). A plaintiff seeking a permanent injunction must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

Here, the undersigned finds that plaintiff has established that as a result of defendant's infringing conduct it has suffered an irreparable injury, that monetary damages are inadequate, that the balance of hardships warrant such relief, and that the public interest would not be disserved by a permanent injunction. See generally Microsoft Corp. v. Evans, No. 1:06-cv-1745 AWI SMS, 2007 WL 3034661, at *10 (E.D. Cal. Oct. 17, 2007) ("It is appropriate to award injunctive relief in connection with a default judgment pursuant to the Lanham Act.").

7

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 28, 2021 motion for default judgment (ECF No. 16) be granted;

2. Judgment be entered against defendant TTS INTERNATIONAL LLC and defendant Bryan Treadwell;

3. Defendants be permanently enjoined from directly or indirectly offering products or services under the designation TTS INTERNATIONAL or any designation confusingly similar to TTS WORLDWIDE;

4. Defendants be ordered to transfer the domain name tts-int.com to plaintiff; and

5. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 17, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\ol1541.mdj.f&rs

8